## PIERRE L. SCHELLENS' APPEAL FROM A SEWER ASSESSMENT OF THE BOROUGH OF GROTON.

Second Judicial District, Norwich, April Term, 1917.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and CASE, Js.

It is an open question whether a municipality which has once assessed and collected, from property owners specially benefited, the estimated cost of a public improvement, can afterward make a supplemental assessment to defray the additional actual expense, unless authorized so to do by statute; but it certainly cannot do so if—as in the present case—it does not appear that the actual expense of the completed improvement exceeded its estimated cost.

Argued April 24th—decided June 14th, 1917.

APPEAL by an abutting landowner from a sewer assessment, taken to and tried by the *Hon. Milton A. Shumway*, a Judge of the Superior Court, who found that the land in question was specially benefited in the amount assessed, and rendered judgment dismissing the petition, from which the landowner appealed to this court. *Error and cause remanded.*

The Borough of Groton is empowered by its charter to lay out and construct a sewer system, to have supervision and control of the same, and to assess against persons whose property is specially benefited thereby such sums as they ought justly and equitably to pay therefor, to be determined according to such rule of assessment based upon frontage and area, either or both, as it may adopt as being just and reasonable.

Pursuant to this authority, the borough, in 1913 and 1914, laid out and constructed a sewer system, and assessed against the several owners of land abutting on the streets in which it was built the estimated cost of its construction. This assessment was completed

in May, 1913. The appellant, as the owner of a tract of land located at the corner of Broad and Ramsdell streets, was one of the persons assessed. He and all others against whom the assessments were made paid the amounts thereof to the borough.

Preparatory to making these assessments, the borough, acting under the authority of its charter, adopted a rule for the assessment of benefits, which provided that the estimated cost of the work should be assessed on the property specially benefited in the proportion of four tenths to frontage and six tenths to area, the area to be calculated to a line parallel with and not more than one hundred feet distant from the street frontage. The rule provided for a departure from strict adherence to the above provisions where such adherence would lead to injustice, and for a certain frontage exemption in the case of corner lots. It was provided that the rate of assessment should be fifty cents per lineal foot of frontage, and seven and a half mills per square foot of area benefited. The assessments of 1913 were made in conformity to this rule.

No change in or addition to any of the sewers has been made since their original construction in 1913 and 1914.

Subsequent to May, 1913, the appellant built a house upon his land, which was located more than one hundred feet from the street, and connected the same with the sewer, and certain others did likewise. A modification of the rule of assessment was then made by the borough, so that it was provided that in all cases where a house situated more than one hundred feet from the street should be connected with the sewer, a further and additional assessment should be made against the owner on account of the sewer with which connection was made, such additional assessment to be made at the rate of seven and a half mills

per square foot of area upon so much land not theretofore covered by the existing rule as would be included within a circle having a radius of fifty feet from the center of the house. Following this modification and pursuant to its provisions, an additional assessment was made against the appellant amounting to $255.16. From that assessment the present appeal was taken.

Other facts not pertinent to the opinion need not be stated.

*Jeremiah J. Desmond* and *Warren B. Burrows*, for the appellant (the landowner).

*Arthur T. Keefe*, for the appellee (the Borough of Groton).

PRENTICE, C. J. It is an open question whether the borough's power to assess benefits on account of this public improvement was not exhausted before the attempted assessment appealed from was made in 1916, even though the actual cost of the work exceeded the estimated cost which was originally assessed, and some portion of the actual cost remained undistributed over the property specially benefited. *City of Chicago* v. *People ex rel. Norton*, 56 Ill. 327, 332; *Meech* v. *City of Buffalo*, 29 N. Y. 198, 215. Doubtless authority to make a supplemental assessment to cover cost not already assessed may be conferred by statute; but there appears to be no such grant of power to the borough of Groton.

That question, however, is one which we have no occasion to answer, since it nowhere appears in this record that the actual cost of the sewer system constructed exceeded its estimated cost which, pursuant to the rule adopted by the borough, was assessed on the property specially benefited and by the owners of

that property wholly paid in. In so far as appears, the borough has been fully compensated for the cost of construction by the property owners specially benefited and assessed. It is without authority to raise an amount in excess of the cost of a public improvement through the medium of an assessment of benefits, and that, for aught that appears, is what the borough undertook to do when it made the assessment of 1916 against the appellant.

There is error, the judgment is set aside and the cause remanded with direction to vacate the assessment appealed from.

In this opinion the other judges concurred.